# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MOHAMED ADMED HASSAN ABDALLAH OMRAN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CR-35-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mohamed Admed Hassan Abdallah Omran, proceeding *pro se*, challenges the district court's denial of his request for a writ of mandamus, seeking postage and a particular type of envelope to mail his petition for a writ of certiorari to the Supreme Court of the United States.

"The writ of mandamus is an order directing a public official or public body to perform a duty exacted by law." *United States v. Denson*, 603 F.2d

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30157

1143, 1146 (5th Cir. 1979) (en banc). As such, it "is an extraordinary remedy for extraordinary causes". *Id.* Under the All Writs Act, 28 U.S.C. § 1651, the party seeking mandamus relief must have no other satisfactory way to obtain relief and must show "that his right to issuance of the writ is clear and indisputable". *United States v. Williams*, 400 F.3d 277, 280–81 (5th Cir. 2005). The issuance of the writ lies within the discretion of the court to which it is directed. *Denson*, 603 F.2d at 1146.

Omran asserts the detention center's providing him with several number-10 envelopes instead of a single, larger envelope deprived him of meaningful access to the courts in violation of his constitutional rights, making his petition for writ of certiorari impracticable. *E.g.*, *Bounds v. Smith*, 430 U.S. 817, 824–25 (1977) ("indigent inmates must be provided . . . with paper and pen to draft legal documents . . . and with stamps to mail them"). Nevertheless, the detention center provided him with mailing materials and postage sufficient to mail his petition to the Court, and he successfully filed his petition for writ of certiorari, although it was denied. *Omran v. United States*, 137 S. Ct. 699 (2017). In short, the envelopes were a satisfactory method to obtain relief, and the district court did not abuse its discretion in denying his petition. *Denson*, 603 F.2d at 1146.

A writ of mandamus is not the proper remedy for Omran's assertion the detention center's mail policies prevented him from communicating with friends, family, and courts in violation of the Constitution, because"[a]n action alleging that a federal government actor committed constitutional violations must be brought under *Bivens*". *Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014) (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)). In the light of this alternate path to relief, Omran fails to show a writ of mandamus was necessary. *Williams*, 400 F.3d at 280–81.

No. 17-30157

In addition, our court denied Omran's petition for writ of mandamus filed in this court, number 16-31128. He seeks our review of that decision. It goes without saying that we lack jurisdiction to do so. *See* 28 U.S.C. § 1291; Fed. R. App. P. 35, 40.

AFFIRMED.